UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SOMERVILLE AUTO TRANSPORT SERVICE, INC., | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | Civil Action No. 09-10411-JLT |
| AUTOMOTIVE FINANCE CORPORATION, DOLORES MILLIGAN, CHRIS DOE, ROBSON MERCIANO, and ADESA, INC. | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM

March 4, 2010

TAURO, J.

I.      Introduction

This action arises out of disputed automobile financing transactions involving Plaintiff

Somerville Auto Transport Service, Inc. ("Somerville") and Defendant Automotive Finance

Corporation ("AFC").  Plaintiff Somerville initiated an action against Defendants AFC and

ADESA, Inc. ("ADESA"), as well as Dolores Milligan, "Chris Doe", and Robson Merciano

(collectively "Defendants") in this court on March 19, 2009, asserting civil claims under Sections

1962(c) and 1962(d) of the Racketeering Influenced and Corrupt Organizations Act ("RICO").

The Complaint also asserts causes of action for deceit/fraud, civil conspiracy, breach of contract,

breach of covenant of good faith and fair dealing, conversion, and a violation of Mass. Gen. Laws

("M.G.L.") c. 93A.

Presently at issue is Defendants AFC, ADESA, and Dolores Milligan's Motion to Dismiss

[#13], requesting dismissal on the grounds that valid, binding forum selection clauses require that this dispute be litigated in Indiana, where a related action is already pending.[1]  The two other named defendants, Robson Merciano and Chris Doe, are not parties to the motion.  For the reasons set forth below, the Motion to Dismiss is ALLOWED.

II.      Background[2]

        The following facts are taken from the Complaint, the relevant contracts, and pertinent court filings.

        A.      The AFC Agreement

        Defendant ADESA, a Delaware corporation with its principal place of business in Indiana, operates an automobile auction in Framingham, Massachusetts (the "ADESA Framingham Auction").  Defendant AFC, an Indiana corporation, operates an independent financing booth located within the ADESA Framingham Auction, which permits auto dealers to instantaneously finance and purchase vehicles from sales representatives at the auction.

        Plaintiff Somerville is an automobile dealer incorporated in Massachusetts with its principal place of business in Somerville, Middlesex County, Massachusetts.  On or about October 11, 2002, Robert Souza, Somerville's president, entered into a Demand Promissory Note and Security Agreement (the "AFC Agreement"), wherein AFC agreed to provide Somerville with a

_____

[1]Defendant Dolores Milligan, though not a party to either of the contracts discussed in this Motion, consents to personal jurisdiction and venue in Marion County, Indiana.  Defs.' Mem. Supp. Mot. to Dismiss [#13], p. 3, n. 2.

[2]Because this issue arises in the context of a motion to dismiss, "[t]he factual allegations of the complaint are to be accepted as true, and all reasonable inferences that might be drawn from them are indulged in favor of the pleader."  Gorski v. N.H. Dep't of Corr., 290 F.3d 466, 473 (1st Cir. 2002).

$50,000 credit line in order to enable Plaintiff to purchase motor vehicles at auction.  On July 7, 2003, Somerville executed an Aggregate Advance Limited Amendment to the AFC Agreement, increasing the principal sum to $100,000.

Section 9.11 of the AFC Agreement contains a forum selection clause, which provides:

JURISDICTION AND CHOICE OF LAW: THIS NOTE AND ANY AND ALL AGREEMENTS OR AUTHORIZATIONS EXECUTED BY DEALER OR AFC IN CONNECTION HEREWITH SHALL BE GOVERNED BY THE SUBSTANTIVE LAWS OF THE STATE OF INDIANA, AS AMENDED FROM TIME TO TIME, WITHOUT RESORT TO PRINCIPLES OF CONFLICTS OF LAWS. BY EXECUTION OF THIS NOTE, DEALER SUBMITS TO THE PERSONAL JURISDICTION OF THE COURTS OF THE STATE OF INDIANA AND TO VENUE IN THE CIRCUIT AND SUPERIOR COURTS OF MARION COUNTY, INDIANA. ANY ACTION INITIATED BY DEALER AGAINST AFC RELATING TO THIS NOTE SHALL BE FILED AND CONDUCTED SOLELY IN SAID COURTS. AFC MAY BRING ANY SUIT AGAINST DEALER UNDER OR RELATED TO THIS NOTE IN ANY COURT OF COMPETENT JURISDICTION, AND DEALER HEREBY CONSENTS TO AFC'S CHOICE IN FORUM. DEALER FURTHER WAIVES ANY RIGHT WHICH IT MAY HAVE TO REMOVE SUCH LITIGATION OR MATTER TO A FEDERAL COURT OR TO REQUIRE THAT ANY SUCH LITIGATION OR MATTER TAKE PLACE IN A FEDERAL COURT. THIS PROVISION IS A MATERIAL INDUCEMENT FOR AFC ENTERING INTO THIS AGREEMENT AND THE TRANSACTIONS CONTEMPLATED HEREBY.[3]

B.      ADESA's Terms and Conditions

Defendant ADESA is the corporate parent of affiliated subsidiary companies that operate automotive auction houses.  Only auto dealers who have obtained a Buyer Bid Badge Number can secure entry to the ADESA Framingham Auction.  On October 22, 2004, Somerville and ADESA entered into the Terms and Conditions ("ADESA's Terms and Conditions") governing the relationship between the parties at ADESA's automobile auctions.

---

[3]Ex. A-1 to Defs.' Mem. Supp. Mot. to Dismiss (emphasis added).

Section 20 of ADESA's Terms and Conditions, containing the agreement's forum selection clause, provides:

> These Auction Terms and Conditions and any and all agreements and authorizations executed by Somerville or ADESA in connection herewith shall be governed by and interpreted in accordance with the substantive laws of the State of Indiana without resort to principles of conflicts of laws. <u>By execution of these Auction Terms and Conditions, Somerville submits to the personal exclusive jurisdiction of the courts of the State of Indiana and to venue in Circuit Court and Superior Courts in Marion County, Indiana and the federal courts of the United States, sitting in Indiana for the adjudication of any matters arising under or in connection with these Auction Terms and Conditions. Any action initiated by Somerville against ADESA relating to these Auction Terms and Conditions shall be filed and conducted in said Courts.</u>[4]

C.      Disputed Transactions

Thereafter, on an undisclosed date, Robert Souza of Somerville authorized Defendant Merciano "for one day only"[5] to utilize the AFC line of credit to enable Defendant Merciano to purchase vehicles for resale.  Somerville allegedly informed the AFC employees at the ADESA Framingham Auction that Merciano was permitted to utilize the line of credit for that day only. Somerville also "explicitly informed" Defendant Dolores Milligan, the AFC Branch Manager, that Merciano was forbidden to utilize Plaintiff's financing contract subsequent to the single day allowance.[6]

Despite these instructions, Merciano entered into at least fifteen sales contracts utilizing financing extended by AFC pursuant to the AFC Agreement and using Somerville's Bid Badge Number.  In total, AFC extended financing of $224,000 dollars to Merciano, well in excess of the

---

[4]Ex. B-1 to Defs.' Mem. Supp. Mot. to Dismiss (emphasis added).

[5]Compl., ¶ 25.

[6]<u>Id.</u> at ¶ 27.

4

$100,000 limit contained in the Aggregate Advance Limited Amendment.  To facilitate these transactions, Plaintiff alleges that "[t]he defendants engaged in a systematic pattern of fraudulent financing of motor vehicles through the use of [] falsified documents and identity at Adesa Auto Auctions in Framingham, Massachusetts."[7]  Plaintiff also alleges that Defendants supplied fraudulent Bid Badge Numbers to multiple individuals, knowingly aided and abetted individuals posing as legitimate buyers, and provided motor vehicle titles to imposters.

AFC never informed Somerville of the financing extended to Merciano, despite a provision in the AFC Agreement requiring that all notices, requests or other communications be forwarded directly to Somerville.  Nor did Defendant Merciano reimburse AFC or Somerville for the funds advanced under the AFC Agreement.  Somerville alleges, on information and belief, that statements reflecting Merciano's transactions were mailed to Merciano directly, rather than Somerville.

Thereafter, on or about January 1, 2007, Defendant Milligan appeared at Somerville's offices, demanding immediate payment in the amount of $50,000.  On or about November 6, 2007, Somerville received correspondence from AFC's counsel seeking the principal, interest and fees on the fifteen motor vehicle transactions entered into by Merciano, in the amount of $161,847.07.

Somerville is now barred from all ADESA auctions as a result of this dispute and, as a result of this ban, was forced to close its car dealership business.

D.    Ensuing Litigation

---

[7]Id. at ¶ 26.

On October 30, 2008, AFC sued Somerville and Robert Souza in Marion Superior Court in Indiana.[8]  The complaint in that action asserts causes of action for Breach of Note and Security Agreement, Breach of Guaranty, and Victims of Crime: Deception and Fraud.  In that suit, AFC seeks to recover its unpaid debt of approximately $168,070, including interest, attorneys' fees, and costs.

Roughly six months later, on March 19, 2009, Somerville filed this action, asserting the following claims against AFC, ADESA, Milligan, Merciano and Chris Doe: (1) Violation of 18 U.S.C. § 1962(c), against all defendants; (2) Violation of 18 U.S.C. § 1962(d), Conspiracy to Engage in a Pattern of Racketeering Activity, against Merciano and Milligan; (3) Violation of M.G.L. c. 93A, against all defendants; (4) Deceit/Fraud, against Milligan and Merciano; (5) Civil Conspiracy, against Milligan and Merciano; (6) Breach of Contract, against AFC; (7) Breach of Covenant of Faith and Fair Dealing, against AFC; (8) Conversion, against Milligan and Merciano; and (9) Interference with Business Relationships, against Merciano and Milligan.

Three of the five named defendants—AFC, ADESA, and Milligan—jointly filed this Motion to Dismiss.  The two remaining named defendants, Robson Merciano and "Chris Doe", are not parties to this motion.

This court entered a Default against one of the remaining defendants, Robson Merciano, on motion by Plaintiff.[9]  Merciano, allegedly a key participant in this scheme, failed to plead or otherwise defend against this lawsuit following service of the Complaint and did not appear at a

---

[8]Indiana Compl., Ex. C-1 to Defs.' Mem. Supp. Mot. to Dismiss (emphasis added).

[9]Entry of Default [#26].

Motion Hearing held on March 1, 2010.  According to Plaintiff, the other remaining defendant, listed only as "Chris Doe" in the Complaint, was subsequently identified as an individual named Christopher Carli.[10]   Plaintiff, however, never executed service of the original complaint on Mr. Carli.  In its Opposition, Plaintiff informed the court that it will not file an Amended Complaint reflecting Mr. Carli as a named defendant until the resolution of this motion.[11]

III.    <u>Discussion</u>

In the present <u>Motion to Dismiss</u>, Defendants AFC, ADESA, and Milligan argue that the forum selection clauses included in the AFC Agreement and the ADESA Terms and Conditions require that this action be brought in state court in Indiana.

Motions to dismiss based on a forum selection clause are properly brought under Rule 12(b)(6).[12]  Courts view forum selection clauses as being prima facie valid provisions that "should control absent a strong showing that [they] should be set aside."[13]  "[A] forum selection clause should be enforced unless the resisting party can show 'that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching . . . [or that] enforcement would contravene a strong public policy of the forum in which suit is brought,

---

[10]Pl.'s Mem. Opp. Mot. to Dismiss [#18], p. 1, n. 1.

[11]<u>Id.</u>

[12]<u>Lambert v. Kysar</u>, 983 F.2d 1110, 1112 n.1 (1st Cir. 1993) ("We have held that . . . dismissals [under forum selection provisions] are founded on Rule 12(b)(6).") (citing <u>LFC Lessors, Inc. v. Pacific Sewer Maintenance Corp.</u>, 739 F.2d 4, 7 (1st Cir. 1984)).

[13]<u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 15 (U.S. 1972).

whether declared by statute or by judicial decision.'"[14]

There is no question that Somerville's claims easily fall within the language of the relevant forum selection provisions. The AFC Agreement applies to "any action initiated by dealer against AFC <u>relating to</u>" the contract. Similarly, ADESA's Terms and Conditions state that "[a]ny action initiated by Somerville against ADESA <u>relating to</u> these Auction Terms and Conditions shall be filed and conducted in" the "Circuit Court and Superior Courts in Marion County, Indiana and the federal courts of the United States, sitting in Indiana." Courts generally construe the phrase "relating to" broadly, likening the phrase to "in connection with" and "associated with", and "typically defined more broadly and . . . not necessarily tied to the concept of a causal connection."[15]

Plaintiff argues that these forum selection provisions, by their terms, do not apply to its claims because "[t]he principle [sic] focus of plaintiff's Complaint is based upon defendants' complete disregard for the existence of the note and the contract, as evidenced by the first six (6) pages of plaintiff's Complaint, which discusses the unique tortous [sic] conduct of each of the named individuals, most of whom are not privy to the contract at issue."[16]

While it is true that only two of Somerville's claims—breach of contract and breach of the covenant of faith and fair dealing—explicitly tie back to the relevant contracts, it is clear that the

---

[14]<u>Rivera v. Centro Medico de Turabo, Inc.</u>, 575 F.3d 10, 18 (1st Cir. 2009) (quoting <u>Bremen</u>, 407 U.S. at 15).

[15]<u>Huffington v. T.C. Group, LLC</u>, 2010 U.S. Dist. LEXIS 14479, at *6 (D. Mass. Feb. 19, 2010) (quoting <u>Coregis Ins. Co. v. Am. Health Found., Inc.</u>, 241 F.3d 123, 128 (2d Cir. 2001)).

[16]Pl.'s Mem. Opp. Mot. to Dismiss at p. 8.

conduct underlying the all of Somerville's claims emerged from or was governed by the relevant agreements. Plaintiff cannot avoid the enforcement of applicable forum selection clauses simply by adding tort allegations to the Complaint. In so finding, this court is mindful that the First Circuit has cautioned courts against "accept[ing] the invitation to reward attempts to evade enforcement of forum selection agreements through 'artful pleading of [] claims' in the context of a contract dispute."[17]

The principal case discussed by Somerville in arguing that its claims do not "relate to" the relevant agreements, <u>Bay State Anesthesia v. Mallinckrodt, Inc.,</u>[18] is inapposite. The <u>Bay State</u> court, in finding a forum selection clause inapplicable to plaintiff's claims, held that disparaging and untrue statements allegedly made by defendants to plaintiff's customers after the contract terminated fell "outside the scope of the forum selection clause."[19]

Unlike <u>Bay State</u>, the present litigation could not have occurred absent the pertinent agreements. Somerville authorized Merciano to secure financing for the purpose of "enabl[ing] him to purchase vehicles for resale"[20] at the ADESA Framingham Auction, a privilege extended only to those with Bid Badge Numbers and governed by ADESA's Terms and Conditions. In the same vein, the Complaint states that Merciano was explicitly authorized by Somerville to utilize the line of credit established by the AFC Agreement, albeit only for one day. It is the propriety of

---

[17]<u>Lambert</u>, 983 F.2d at 1121.

[18] 2002 U.S. Dist. LEXIS 23694 (D. Mass. Dec. 6, 2002).

[19]<u>Id.</u>

[20]Compl. at ¶ 25.

AFC's extension of credit to Defendant Merciano for fifteen later transactions that is the conduct

at the center of this action.  The fact that Somerville's claims arose while the contract was in

effect, rather than after its termination, further distinguishes this action from Bay State.

Somerville also argues in the alternative that, even if the forum selection clauses do apply

to its claims, enforcement of the relevant forum selection clauses is unreasonable and unjust under

the circumstances.

Somerville urges this court to look to the following nine factors established by the court in

D'Antuono v. CCH Computax Systems, Inc.,[21] in assessing whether to enforce the forum

selection provision: "(i) the law governing the contract in question; (ii) the place of execution of

the contract; (iii) the place where the transactions have been or will be performed; (iv) the

availability of remedies in the contractually designated forum; (v) the public policy of the

plaintiff's choice of forum state; (vi) the location of the parties, convenience of witnesses and

accessibility of evidence; (vii) the relative bargaining power of the parties and the circumstances

of their negotiations; (viii) the presence of fraud or other undue influence; and (ix) the conduct of

the parties."[22]

In arguing that this court should not enforce the relevant forum selection provisions under

the D'Antuono factors, Somerville points to the fact that the contracts were executed in

Massachusetts, not Indiana (factor ii); the transactions were performed in Massachusetts, not

Indiana (factor iii); Defendants Merciano and "Chris Doe" (identified by Plaintiff as Christopher

---

[21]570 F. Supp. 708, 712 (D.R.I. 1983).

[22]Doe v. Seacamp Ass'n, 276 F. Supp. 2d 222, 225 (D. Mass. 2003) (citing D'Antuono, 570 F. Supp. at 712).

Carli) are not subject to the jurisdiction of Indiana courts and cannot be compelled to testify as witnesses there (factor iv); an Indiana forum is "seriously inconvenient" for Somerville, Defendants Merciano and Milligan, and others because of the physical distance between Indiana and Massachusetts (factor vi); there is a "great disparity in the bargaining power between the plaintiff and corporate defendants" because "there is no way Mr. Souza could have anticipated that the term stood to mean that suit could be brought in Indiana, even if the plaintiff never triggered its own obligations under the contract but instead became the victim of a conspiracy fraud" (factor vii), and; that Defendants' conduct was "unconscionable" (factor ix).

Even in reviewing the facts of this case in a light favorable to Somerville, however, it is clear that Somerville cannot "overcome . . . [the] strong presumption of enforceability"[23] of freely bargained-for forum selection clauses.  Plaintiff is correct in asserting that the second and third D'Antuono factors militate in favor of a Massachusetts forum, since the contracts were executed in Massachusetts and the disputed transactions occurred at the ADESA Framingham Auction. The other D'Antuono factors, however, do not weigh heavily against an Indiana forum.

The fourth D'Antuono factor, which relates to the availability of remedies in the designated forum, supports dismissal because Plaintiff have not pointed to any legal redress available in this court that would be substantially unavailable in Indiana against the Parties to this motion.  Plaintiff complains in its Opposition that if the forum selection clauses are enforced that "Robson Merenciano [sic] . . . a Massachusetts resident with no meaningful contacts nor obligations to defendants nor the state of Indiana . . . would likely escape responsibility on a

---

[23]Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 18 (1st Cir. 2009).

personal jurisdiction argument."[24]  At this point, however, it is not necessary for this court to reach the question of whether Plaintiff's claims against Merciano, who is not a party to this motion, should also be dismissed.  Indeed, it is important to note that this issue may in fact be moot, as this court recently allowed a motion to enter a Default against Merciano, due to his failure to plead or otherwise defend against this dispute.

The sixth D'Antuono factor, the location of the parties, convenience of witnesses and accessibility of evidence, seems to balance only slightly in Somerville's favor.  Defendants AFC and ADESA are located in Indiana, while Somerville, Milligan and Merciano are located in Massachusetts.  In addition, though most of the witnesses are located in Massachusetts, Defendants correctly point out in their Reply that the location of depositions and documents are not affected by venue.  Also, significantly, Somerville should have foreseen the inconvenience imposed by litigating in an Indiana forum at the time of contracting.

The seventh D'Antuono factor, concerning the relative bargaining power of the parties and the circumstances surrounding their dealings, also does not support dismissal.  The court need not credit the allegation, lodged in Somerville's Opposition and not referencing any factual allegations in the Complaint, that "[w]ith respect to the parties' bargaining position, it goes without saying that there exists a great disparity in the bargaining power between the plaintiff and corporate defendants."[25]  Looking to the allegations in the Complaint, however, this court does not perceive there to be an apparent disparity in bargaining power between the parties to these

---

[24]Pl.'s Mem. Opp. Mot. to Dismiss at p. 10.

[25]Id. at p. 12.

commercial agreements: an automobile dealer/car dealership owner (Plaintiff), a commercial

lender (Defendant), and provider of auction facilities (Defendant).

Somerville's argument that "there is no way Mr. Souza could have anticipated" that the

forum selection clause would take effect "even if the plaintiff never triggered its own obligations

under the contract" is also unpersuasive.  Souza himself authorized Defendant Merciano to secure

financing under the AFC Agreement, and therefore could have foreseen that any litigation arising

from that financing would be litigated in Indiana, not Massachusetts, perhaps requiring

Merciano's presence in that forum.

The court can also dispense with Somerville's argument regarding the ninth D'Antuono

factor, namely, that the forum selection clause should not be enforced because Defendants'

conduct was "unconscionable."  To support this assertion, Somerville arguments that

"defendants' initially retained counsel in Massachusetts to pursue an action against plaintiff . . .

until, without explanation, the dispute was relocated to the hands of Indiana Counsel."[26]  Even if

true, it is unclear why Defendants' conduct after the execution of the contract, in anticipation of

litigation, is relevant to a determination of whether the enforcement of forum selection clauses

would be unfair or unreasonable.

As Plaintiff failed to make a strong showing that the applicable forum selection provisions

should be set aside, dismissal is warranted.  In allowing this motion, this court is mindful that a

lawsuit arising from this dispute is already pending in Indiana.  This circumstance implicates

principles of judicial efficiency, since discovery in the two actions will no doubt overlap

significantly.  Moreover, if this court were to permit this action to proceed here, it would risk

---

[26]Id. at p. 13.

inconsistent judgments in the two matters.

IV.    Conclusion

For the foregoing reasons, Defendants AFC, ADESA, and Dolores Milligan's Motion to
Dismiss [#13] is ALLOWED on the grounds that the forum-selection clause requires the plaintiffs
to bring suit in Marion County, Indiana. The complaint is dismissed without prejudice to
Plaintiff's ability to bring these claims in a court where venue is appropriate.

AN ORDER HAS ISSUED.

                                                    /s/ Joseph L. Tauro

                                            United States District Judge